UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TOMMIE LEE SMITH,

Plaintiff,

v.                                                    CAUSE NO. 2:26-CV-96-PPS-AZ

WILLIAMS, et al.,

Defendants.

OPINION AND ORDER

Tommie Lee Smith, a prisoner without a lawyer, filed a complaint raising claims about events which happened at the Lake County Jail on February 3, 2026. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal law provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Smith explains there was a grievance system at the Lake County Jail that he could have used to complain about the claims raised in this complaint, but he did not file a grievance because, "The grievances are ran by

(Defendant #6 Sgt. Anderson). The same officer that is the head of the disciplinary hearings." ECF 1 at 8. What Smith is saying is that he did not file a grievance because he believed it would have been futile, but there is no futility exception to the exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, <u>or if the prisoner believes that exhaustion is futile</u>. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (cleaned up, emphasis added).

To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Because he did not try to use the grievance process, Smith had not exhausted his administrative remedies when he signed and filed the complaint. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted <u>must be dismissed</u>; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis

added); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). Dismissal is harsh, but I cannot grant him any relief in this case.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Because it is legally frivolous to file a case that must be dismissed, it would be futile to grant Smith leave to amend.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A as legally frivolous because he did not exhaust his administrative remedies before filing this case.

**SO ORDERED**.

ENTERED: March 12, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3